IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| RICHARD H. BASS and DIANA F. BASS | § § § § § | |
| Plaintiffs, | § § | |
| VS. | § § | Case No. 4:11CV633 |
| AMERICAN HOME MORTGAGE SERVICING, INC. f/k/a OPTION ONE MORTGAGE CORPORATION and DALLAS HOME LOANS, INC. | § § § § § § | |
| Defendants. | § | |

**REPORT AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court are Plaintiffs' Motion to Remand Based on Lack of Subject Matter Jurisdiction (Dkt. 7) and Defendant American Home Mortgage Servicing, Inc.'s Motion to Dismiss (Dkt. 5). As set forth below, the Court finds that the motion to remand (Dkt. 7) should be GRANTED and the motion to dismiss (Dkt. 5) should be DENIED AS MOOT.

BACKGROUND

This case was originally filed on August 31, 2011 in the 417th District Court of Collin County Texas. Plaintiffs' Original Petition names American Home Mortgage Servicing, Inc. ("AHMSI") and Dallas Home Loans, Inc. as Defendants and asserts the following claims: fraud; violation of Texas Business and Commerce Code §27.01, violation of Texas Deceptive Trade Practices Act, and negligent misrepresentation. Plaintiffs' state-court petition also seeks declaratory judgment, exemplary damages, and an immediate and final accounting of all payments made in conjunction

1

with a home equity loan.

On October 4, 2011, Defendant AHMSI removed the case to this Court.[1] Defendant's Notice of Removal claims that this Court has federal question jurisdiction over Plaintiffs' claims because Paragraph 13 of Plaintiffs' state court petition references violations of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601, *et seq*. Defendant argues that Plaintiffs also appear to assert a claim under the Truth in Lending Act, 15 U.S.C. § 1601, *et seq*., in Paragraph 8 of their petition. Both Paragraphs 8 & 13 are contained within the portion of the petition entitled "Facts."

On November 3, 2011, Plaintiffs filed their motion to remand. In their motion, Plaintiffs argue that this court lacks federal question jurisdiction. Plaintiffs argue that they do not seek relief or damages under federal law. Instead, Plaintiffs claim, they sue for Defendants' purported failure to comply with their obligations under the parties' agreement.

## STANDARD

A court may remand a case on the basis of any valid defect identified in a motion to remand as long as it is made within 30 days of removal, and a court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007). Federal district courts are of limited jurisdiction and may hear only those cases authorized by a federal statute, the Constitution, or U.S. treaty. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed.2d 391 (1994); *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). A court is required to strictly construe the removal statute in favor of remand and against removal. 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320,

---

[1] Defendant Dallas Home Loans, Inc. has not yet appeared in the suit.

323 (5th Cir. 2007). When there is no subject-matter jurisdiction, remand is mandatory. 28 U.S.C. § 1447(c).

### ANALYSIS

In this case, Defendant maintains that Plaintiffs' claims invoke federal question jurisdiction. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. The arising under provision for federal question jurisdiction is invoked "by and large by plaintiffs pleading a cause of action created by federal law (*e.g.,* claims under 42 U.S.C. § 1983)." *Grable & Sons Metal Prods. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 312, 125 S. Ct. 2363, 162 L. Ed.2d 257 (2005). But a court may determine that a state-law claim "arises under" federal law if the state-law claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Id.* at 314, 125 S. Ct. 2363. *See also Gromer v. Mack,* 799 F. Supp.2d 704, 708 (N.D. Tex. 2011). As explained by the United States Supreme Court:

> The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) (internal citations omitted).

Thus, "[e]ven if the factual predicate underlying [the] plaintiff's complaint could have served as the basis for a federal claim, the plaintiff has the prerogative to forgo the federal claim and assert

3

only state law claims in order to prevent removal." *Tavormina v. Evening Star Productions, Inc.*, 10 F. Supp.2d 729, 732 (S.D. Tex.1998). The defendant may remove to federal district court, and the district court will have jurisdiction over the claims, "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana,* 522 U.S. 470, 118 S. Ct. 921, 924, 139 L. Ed.2d 912 (1998). *See* 28 U.S.C. § 1441(a). "The court must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Moore v. Bis Salamis, Inc.*, 748 F. Supp.2d 598, 601 (E.D. Tex. 2010) (internal quotations omitted).

Having reviewed the record here, the Court finds that none of Plaintiffs' claims raise federal issues such that there is jurisdiction in this Court. The following paragraph in Plaintiffs' Original Petition forms the basis for Defendant's claim that Plaintiffs' claims arise under RESPA:

> 13. Plaintiffs have continued to suffer problems with the loan and have extreme difficulty communicating with the loan servicer AHMSI. Under the terms of the Security Agreement, Plaintiffs have the right to know the amount due under the Note. Plaintiffs have specifically and repeatedly requested an accounting of the amount due from Defendant AHMSI and Defendant AHMSI has repeated [sic] failed or refused to provide the information. Paragraph 3 specifically provides for an annual accounting of escrow funds as required by the Real Estate Settlement Procedures Act (12 U.S.C. Sec. 2601 et seq.).

Dkt. 4 at 3.

And, the following paragraph in Plaintiffs' Original Petition forms the basis of Defendant's claim that Plaintiffs appear to base on or more of their claims on TILA:

> 8. During the loan application process, Dallas Loans requested Plaintiffs to submit multiple applications and submitted multiple versions of loan documents to Plaintiffs. Plaintiffs received multiple versions of disclosure documents, including at least four Truth-In-Lending disclosures. Plaintiffs' loan was

> scheduled to close on December 2, 2006. Around 10 or 11 p.m. on the night before the closing, Plaintiffs received a phone call from the title company submitting a new set of documents for the closing to take place the next morning. Plaintiffs requested additional time to review the documents and were told by representatives of Dallas Loans that the loan had to close that morning or Plaintiffs' funding would be lost and they would not receive a loan.

Dkt. 4 at 2. As noted earlier, both of the paragraphs relied upon by Defendant in its notice of removal are contained in the "Facts" portion of Plaintiffs' petition.

The Court finds that Plaintiffs' state court petition does not plead any causes of action created by federal law. Primarily, Plaintiffs' stated causes of action – fraud, violation of Texas Business and Commerce Code §27.01, violation of Texas Deceptive Trade Practices Act, and negligent misrepresentation – all arise under state law and are causes of action over which the Court has no original jurisdiction. That Plaintiffs referenced RESPA in their factual background section when referencing Defendant's purported failures to comply with Paragraph 3 of the parties' Security Agreement is not sufficient to confer jurisdiction. By the plain language of Plaintiffs' petition, they seek an accounting pursuant to the agreement (an agreement which purportedly complied with the requirements of RESPA). They do not invoke RESPA in any of their claims. Curiously, subsequent to removal, Defendant filed a motion seeking to dismiss Plaintiffs' purported RESPA claim – a claim which in essence Defendant creates – arguing that "[w]hile Plaintiffs summarily plead AHMSI violated RESPA, they fail to allege which section AHMSI violated and how." Dkt 5. At 7. The Court agrees that no RESPA claim is stated, but it is because Plaintiffs did not intend to state one, not because they have failed to adequately state one. Plaintiffs are the masters of their complaint. No federal question arises based on Paragraph 13 of their petition.

As to the purported possible TILA claim, Defendant claims that "Plaintiffs also appear to base one or more of their claims on alleged violations of the federal Truth in Lending Act." Dkt. 1 at 2. Paragraph 8 of Plaintiffs' state court petition states that they received multiple copies of "Truth-In-Lending disclosures" prior to the closing of their loan. Defendant has not shown how this invokes TILA, and the Court finds that Plaintiffs' allegation regarding the disclosures does not raise a federal question. In its motion to dismiss, Defendant contends that Plaintiffs' petition "fails to assert which section of TILA was violated, how the disclosures were deficient or how Plaintiffs were injured" and seek dismissal accordingly. Dkt 5 at 7. Defendant's argument again demonstrates the fundamental flaw in the removal – there simply is no TILA claim stated on the face of Plaintiffs' petition.

Thus, having reviewed the record before it, the Court finds that Defendant has not shown how Plaintiffs' petition raises federal questions by merely referencing two federal statutes. It is ultimately Defendant's burden – as the removing party – to prove that this Court has jurisdiction, and Defendant has not done so here. This is not a case of artful pleading by Plaintiffs, but rather a case of exclusive reliance on state law for relief. Because this Court is required to strictly construe the removal statute in favor of remand, this case shall be remanded. *See* 28 U.S.C. § 1447; *In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007).

Plaintiffs' request for attorneys' fees, however, is not warranted. In determining whether the improper removal of a case to federal court warrants an award of attorneys' fees, the court considers objectively the merits of the defendant's case at the time of removal. 28 U.S.C. § 1447(c). *Valdes v. Wal-Mart Stores, Inc.,* 199 F.3d 290 , 292-93 (5th Cir. 2000). While Defendant has failed in proving federal question jurisdiction, it has demonstrated its objective basis for alleging

jurisdiction here. Fees are simply not warranted given the facts of this case.

Plaintiffs' Motion to Remand Based on Lack of Subject Matter Jurisdiction (Dkt. 7) should be GRANTED, Defendant American Home Mortgage Servicing, Inc.'s Motion to Dismiss (Dkt. 5) should be DENIED as MOOT, this matter should be remanded in its entirety to 417th District Court of Collin County Texas, and no fees should be awarded to Plaintiffs for the removal.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 4th day of April, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE